**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MICHAEL JAVON-LEE HUNTER, #345245,

       Petitioner,

v.                                                                             ACTION NO.
                                                                             2:08cv351

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

## **UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

       Petitioner Michael Javon-Lee Hunter, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction by the Circuit Court for the City of Virginia Beach for statutory burglary, grand larceny, and felony failure to appear. Hunter alleges his appellate counsel provided ineffective assistance. The Court finds that Hunter's petition is untimely and that there are no grounds for equitable tolling. Therefore, the Court recommends granting Respondent's motion to dismiss.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner was convicted in the Circuit Court for the City of Virginia Beach on April 29, 2005, of statutory burglary, grand larceny, and felony failure to appear. He was sentenced to thirty-one years imprisonment, with all but six years suspended. In addition, the trial court conducted a probation violation hearing pursuant to Virginia Code § 19.2-306. The court revoked the suspension of a sentence originally imposed on December 17, 1997, and ordered the unserved portion of the sentence to be executed. The court then re-suspended all but ten years of the December 17, 1997 sentence.

Petitioner's appeal of his convictions to the Virginia Court of Appeals was first denied on November 23, 2005, and was denied by a three-judge panel of that court on January 18, 2006. Petitioner did not appeal to the Supreme Court of Virginia. Thereafter, Petitioner filed a habeas petition in the Supreme Court of Virginia, which was dismissed as untimely on February 29, 2008. See Virginia Code § 8.01-654(A)(2).

Petitioner, presently in the custody of the Virginia Department of Corrections at the Dillwyn Correctional Center in Dillwyn, Virginia, filed this federal habeas petition on July 28, 2008. On December 12, 2008, the respondent filed a Rule 5 Answer and Motion to Dismiss. Petitioner filed his response to the Motion to Dismiss on December 29, 2008. Accordingly, this matter is now ripe for adjudication.

### B. Grounds Alleged

Petitioner asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) he was denied the effective assistance of appellate counsel

     due to counsel's failure to perfect an appeal;

(2) he was denied effective assistance of appellate counsel due to counsel's failure to advise petitioner that his appeal to a three-judge panel of the Virginia Court of Appeals had been denied, or advise Petitioner of the next step in the appeals process; and,

(3) appellate counsel abandoned Petitioner because the last correspondence he received from counsel was on March 22, 2006, to inform Petitioner counsel was requesting review by a three-judge panel. Counsel never withdrew as counsel, and did not complete her duties as counsel.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Petitioner's claims are exhausted because they were presented to the Virginia Supreme Court in his state habeas corpus petition.

### B. Statute of Limitations

However, Petitioner's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

The Court of Appeals of Virginia denied Petitioner's appeal on Janaury 18, 2006. Petitioner failed to note an appeal to the Virginia Supreme Court within thirty days. See Rule 5:14, Rules of the Supreme Court of Virginia. Therefore, his conviction became final on February 17, 2006, and the one-year federal statute of limitations began to run.

Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the time that a properly filed petition for state collateral review is pending. Petitioner's petition for writ of habeas corpus in the Virginia Supreme Court was untimely, and not "properly filed." See Pace v. Diguglielmo, 544 U.S. 408, 413 (2005). As a result, Petitioner's state petition did not toll the federal limitations period which expired February 17, 2007. Because Petitioner did not sign his federal habeas petition until July 20, 2008, over seventeen months after the statute of limitations expired, this Court cannot reach the merits of his claims unless Petitioner is entitled to equitable tolling.

Equitable tolling of the statute of limitations is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result ." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. at 418 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.

2003) (en banc).

Petitioner asserts the last time he communicated with his appellate counsel was on March 22, 2006, when counsel advised Petitioner that she was requesting direct review of his case by a three-judge panel of the Court of Appeals of Virginia. Despite letters to appellate counsel in March, October and November 2006, Petitioner received no further information regarding his appeal. (Ex. 1 to Pet's. Opp.) Appellate counsel failed to file an appeal to the Virginia Supreme Court. Petitioner took no further action until January 8, 2008, when he filed his petition for writ of habeas corpus with the Virginia Supreme Court.

Even assuming his appellate counsel was ineffective for not advising Petitioner of his right to appeal, or filing an appeal with the Supreme Court of Virginia, Petitioner's lack of reasonable diligence in pursuing an appeal bars the application of equitable tolling to the federal limitations period. See Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000). Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. Petitioner waited over twenty-one months, from March 22, 2006, when he last communicated with his counsel, until January 8, 2008, to file his state petition. During these twenty-one months, the period for filing a timely petition for writ of habeas corpus in both state and federal court expired. Petitioner did not use reasonable diligence in waiting almost two years before filing a petition for writ of habeas corpus. See Warren v. Kelly, 207 F. Supp.2d 6, 10 (E.D.N.Y. 2002) (holding petitioner did not act with the diligence necessary to receive equitable tolling where appellate counsel failed to inform petitioner of the disposition of his appeal, and petitioner waited

over one year from the disposition to file a habeas petition). Therefore, the petition is barred by the statute of limitations, and the Court will not address the merits of the claims.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this

court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 30, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Michael Javon-Lee Hunter, #345245
Dillwyn Correctional Ctr. 4A-44T
1522 Prison Road
P.O. Box 670
Dillwyn, VA 23936

Jennifer Conrad Williamson, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

March     , 2009